**Richard H. ZUCKTRIEGEL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–74106, A27–120–974.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2004.

Decided June 18, 2004.

Timothy M. Greene, Greene & Lloyd, PLLC, Puyallup, WA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Counsel, Seattle, WA, Mary Jane Candaux, Lisa A. Watts, U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, THOMPSON, and CALLAHAN, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts

**MEMORANDUM ***

Richard H. Zucktriegel, a native and citizen of Germany, petitions for review of the Board of Immigration Appeals' (the "BIA") summary decision affirming the Immigration Judge's (the "IJ") final order of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny Zucktriegel's petition.

Zucktriegel argues that the IJ should have adjusted his status because he was no longer an arriving alien after the INS paroled him. A grant of parole, however, "shall not be regarded as an admission of the alien." Immigration and Nationality Act § 212(d)(5); 8 U.S.C. § 1182(d)(5)(A). In fact, "[a]n arriving alien remains such even if paroled pursuant to § 212(d)(5) of the Act." 8 C.F.R. § 1.1(q); *see also Barney v. Rogers,* 83 F.3d 318, 320 n. 1 (9th Cir.1996). The Attorney General, in some instances, may alter an arriving alien's status. *See* 8 U.S.C. § 1255(a). An arriving alien who is in removal proceedings, such as Zucktriegel, however, is ineligible to apply for adjustment of status. *See* 8 C.F.R. § 245.1(c)(8).

**PETITION DENIED.**

of this circuit except as provided by Ninth Circuit Rule 36–3.